Peter A. Buhl et al., on Behalf of Themselves and All Other Licensed Podiatrists and Chiropodists in the State of New York, Similarly Situated, Appellants, *v.* University of the State of New York et al., Respondents.

Third Department, December 29, 1944.

*Emil Katzka,* attorney for appellants.

*Charles A. Brind, Jr.,* attorney for respondents.

BLISS, J. The plaintiffs are licensed chiropodists and the defendants are The Regents of the University of the State of New York. The complaint seeks a judgment restraining the enforcement of regulation number one promulgated by the defendants on June 18, 1943, governing the practice of chiropody in the State of New York and declaring the rights of the parties with relation thereto. This regulation defines fraud and deceit in the practice of chiropody as follows: " The use of the title ' doctor ' with or without the qualification ' podia-

trist ' or ' chiropodist ' by a licensed podiatrist unless he has earned the degree of doctor of podiatry or doctor of chiropody in accordance with the provisions of section 1402 of the Education Law; the use by any podiatrist or chiropodist authorized to practice under the Education Law of New York State of the title ' doctor ' or any abbreviation thereof without the qualification ' podiatrist ' or ' chiropodist.' ''

Prior to 1936 a candidate for admission to the examination in podiatry (chiropody) was required to have one year of college training and three years of professional training. In 1936 the Legislature changed this specification by requiring that the candidate have at least two years of college training and complete a course in podiatry leading to the degree of doctor of podiatry. (Education Law, § 1402, subd. [d].) After 1940 no person might be admitted to examination without a doctor's degree and consequently no person might be licensed to practice podiatry without such degree. The plaintiffs were licensed before this change became effective.

The Regents are authorized by paragraph (b) of subdivision 1 of section 1412 of the Education Law to discipline a podiatrist who is guilty of fraud or deceit in the practice of his profession. The Regents also have legislative powers to establish rules and regulations for the carrying into effect of the laws and policies of the State relating to education. (Education Law, § 46.) Acting under this rule-making power the Regents promulgated the above-mentioned regulation number one.

The nub of this controversy lies in the fact that podiatrists licensed after 1940 may call themselves " Doctors ", while those licensed prior to September 1, 1940 may not do so unless they have earned the degree of Doctor of Podiatry or Doctor of Chiropody in accordance with the provisions of section 1402 of the Education Law. This, they claim, handicaps them in their practice. In support of their contention they urge that the rule is *ultra vires* and that the Regents have no power through this regulation to prohibit the use of the title " doctor ". They also urge that the regulation violates both the State and Federal Constitutions.

The Legislature has not attempted to define fraud or deceit in the practice of podiatry. This field has thus been left open to the rule-making power of the Regents. This is not a case where the Regents have attempted under the rule-making power to broaden an area of prohibition previously established by the Legislature. (Cf. *Brown* v. *University of State of New York*, 266 N. Y. 598; *Matter of Cherry* v. *Board of Regents*, 289

N. Y. 148.) Here the Legislature has not purported to act within this field and until it does so act the Regents may fill that hiatus under their rule-making power.

The plaintiffs apparently assume that the possession of a license to practice podiatry confers upon the licensee the right to use the title " doctor ". We do not conceive this to be the law. The privilege of using the term " doctor " is conferred by certain educational institutions and the improper use of such term is made a misdemeanor by subdivision 3 of section 66 of the Education Law. Thus the Regents were acting well within the general acceptance of the terms fraud and deceit when they made such improper use of the title a fraud or a deception which would subject the offender to disciplinary action. Reason supports the rule. It was not the exercise of an " unfettered discretion " (see *Matter of Cherry* v. *Board of Regents, supra,* p. 154) nor an effort to enlarge the causes for which discipline may be imposed. Such causes are set forth in the statute (Education Law, § 1412, subd. 1) and this was an effort to give such statute practical effect.

Finally we find no constitutional question involved here. We know of no inherent right of any person to call himself " doctor ". One who does so without having properly received an appropriate degree from an educational institution authorized to confer a doctorate is to that extent creating a deception.

The order and judgment should be affirmed, without costs.

HILL, P. J. (concurring). I concur in the result upon the ground that the unauthorized use of the title " doctor " is a misdemeanor (Education Law, § 66) and tends to deceive the public. The Regents have no legislative power. " The legislative power of this State shall be vested in the Senate and Assembly." (N. Y. Const., art. III, § 1.) The Legislature has granted to them the right to implement statutes and make them effective by the means of rules. In view of the statutory inhibition against the unwarranted use of the title " doctor ", the Regents may make a rule of the kind under consideration.

HEFFERNAN, BREWSTER and FOSTER, JJ., concur with BLISS, J.; HILL, P. J., concurs in a separate memorandum.

Judgment and order affirmed, without costs. [See 269 App. Div. 720.]